UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAUL C. GREINER,<br>    Plaintiff,<br><br>v.<br><br>JEFFREY A. SIMKOVIC, CHAD<br>GARRETT PARKER, and SIMKOVIC<br>LAW FIRM,<br>    Defendants. | Case No. 3:08-cv-190 (PCD) |

## RULING ON MOTION TO DISMISS

This case arises out of the legal representation of Plaintiff Paul C. Greiner by Defendants Jeffrey A. Simkovic, Chad Garrett Parker, and Simkovic Law Firm in regards to a criminal case brought against Plaintiff in federal district court in Billings, Montana. (Compl. ¶ 5.) At all times relevant to this case, all of the Defendants resided and had their principal place of business in Montana. (Id. at ¶¶ 2-4.) Plaintiff also resided in Montana at the time of his arrest and trial, and following his conviction he was incarcerated at a federal facility in Massachusetts. (Defs.' Mot. to Dismiss 3.) Defendants now move to dismiss this case for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.[1] Plaintiff, who is proceeding *pro se,* has not objected this motion. Under Rule 7(a) of the Local Rules of Civil Procedure for the District of Connecticut, a party shall file a memorandum in opposition to a motion to dismiss within twenty-one days unless otherwise ordered by the court. "Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion." L.R. Civ. P. 7(a). Upon review of the

---

[1] Defendants also state in their motion that they move to dismiss pursuant to Rule 12(b)(3) for improper venue, but they do not argue this issue separately from the issue of personal jurisdiction. Accordingly, the Court considers this solely a motion to dismiss for lack of personal jurisdiction.

Defendants' motion and the Plaintiff's Complaint, the Court **grants** Defendants' motion [Doc. No. 6] absent objection.

On a Rule 12(b)(2) motion, the plaintiff bears the burden of showing that the court has jurisdiction over the defendants. Met. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 566 (2d Cir. 1996). A plaintiff facing a Rule 12(b)(2) motion before any discovery need only allege facts constituting a prima facie showing of personal jurisdiction. RJM Aviation Associates, Inc. v. GP Aviation Services, LLC, No. 3:06-CV-2007 (CFD), 2008 WL 918538, at *2 (D. Conn. March 28, 2008) (citing PDK Labs, Inc. v. Friedlander, 103 F.3d 1105, 1109 (2d Cir. 1997)). As with all motions to dismiss, the Court construes the pleadings in the light most favorable to the plaintiff, resolving all doubts in his favor. DiStefano v. Carozzi N. Am., Inc., 286 F.3d 81, 84 (2d Cir. 2001) (internal citations omitted). In diversity cases, personal jurisdiction is determined by the law of the state in which the district court sits. Bensusan Restaurant Corp. v. King, 126 F.3d 25, 27 (2d Cir. 1997). Connecticut utilizes a two-step analysis to determine if a court has personal jurisdiction: first, a court must determine if the Connecticut long-arm statute reaches the defendants; second, if the statute does reach the defendants, then the court must decide whether the exercise of jurisdiction offends due process. Southern New England Tel. Co. v. Global NAPS, Inc., No. 3:04-cv-2075 (JCH), 2007 WL 1089780, at *1 (D. Conn. April 10, 2007) (citing Bensmiller v. E.I. Dupont de Nemours & Co., 47 F.3d 79, 81 (2d Cir. 1995)).

Connecticut General Statutes § 52-59b(a) governs the exercise of jurisdiction over nonresident individuals, foreign partnerships, and foreign voluntary associations. Under that statute, personal jurisdiction exists "[a]s to a cause of action arising from any of the acts enumerated in this section" if the individual or entity, inter alia:

> (1) Transacts any business within the state; (2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; (3) commits a tortious act outside the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if such person or agent (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; (4) owns, uses or possesses any real property situated within the state; or (5) uses a computer... located within the state.

Connecticut General Statutes § 33-929(f) governs the exercise of personal jurisdiction over foreign corporations and provides in pertinent part:

> Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state; (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state ...

Plaintiff has made no allegations that at any point did any of the Defendants reside, conduct business in, or committed any wrong in the State of Connecticut. The only apparent contact this action has to the State of Connecticut is that Plaintiff, who appears to be presently incarcerated in Massachusetts, filed this action here and listed a Connecticut mailing address on his filing papers. This sole contact does not remotely satisfy any of the required elements under Connecticut law for establishing in personam jurisdiction over the individual defendants or the Simkovic Law Firm.

Because Plaintiff has not shown that the Connecticut long-arm statute confers personal jurisdiction over any of the Defendants in this case, the Court need not reach the constitutional

3

question as to whether the exercise of jurisdiction in this instance would offend due process. For these reasons, and absent objection by Plaintiff, Defendants' Motion to Dismiss [Doc. No. 6] is hereby **granted.** The Clerk shall close the case.

SO ORDERED.

Dated at New Haven, Connecticut, this 9th day of May, 2008.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court